UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCRUM ALLIANCE, INC., and<br>VENTURE AGILE, INC., | §<br>§<br>§ | |
| PLAINTIFFS, | § | CIVIL ACTION NO. 4:20-CV-00227 |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| SCRUM, INC.,<br>JEFF SUTHERLAND, and<br>JJ SUTHERLAND, | §<br>§<br>§<br>§ | |
| DEFENDANTS. | § | |

## ORDER

Before the Court is Plaintiffs Scrum Alliance, Inc.'s and Venture Agile, Inc.'s ("Plaintiffs") Emergency Motion for Temporary Restraining Order (the "Motion") (Dkt. #35). The Court has read and considered Plaintiffs' Complaint and the Motion, and the arguments of counsel during the 2:00 p.m. hearing. For the reasons set forth herein, the Court has determined that Plaintiffs' Motion should be, and the same hereby is, **GRANTED**.

In granting Plaintiffs' Motion, the Court makes the following findings:

1. Plaintiffs allege, in pertinent part, claims for breach of the fiduciary duty of loyalty and trademark infringement against Defendant Scrum, Inc. ("SI"). With regard to Plaintiffs' claims for breach of fiduciary duty and trademark infringement, Plaintiffs have shown a substantial likelihood of success on the merits.

2. The Court finds that Plaintiffs have established that they will suffer imminent, irreparable injury if their request for injunctive relief is denied.

3. The Court finds that the irreparable injury to Plaintiffs from SI's breach of fiduciary duty substantially outweighs the threatened harm, if any, to SI should Plaintiffs' request for injunctive relief be granted.

4. The Court finds that the public interest will not be disserved by granting the Motion.

It is therefore **ORDERED** that SI, and all those acting in concert with SI, are hereby enjoined from:

  a. Filing a certificate of dissolution that purports to dissolve S@S;

  b. Appropriating for any purpose S@S company assets, including without limitation S@S trainers, as VA has at least a 50% interest through its ownership interest in S@S; and

  c. Infringing on SAI's trademarks by using any of the Infringing Marks, including the Licensed Scrum Trainer mark to appropriate S@S Trainers.

The Court also finds that this Temporary Restraining Order is necessary to preserve the status quo. During the June 19, 2020 hearing on this Motion, SI argued that this dispute must be submitted to arbitration. SI based its entire argument on an arbitration agreement not currently in the record before the Court, as the document it is in, (Dkt. #14, Exhibit 2), was marked deficient by the Clerk of the Court. So the Court will not consider the arbitration clause at this time. Should SI continue to rely on this argument moving forward, SI is instructed to properly submit the arbitration agreement into the record.

Additionally, SI argued that because there is a pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court could not grant this Temporary Restraining Order. But after reviewing SI's motion to dismiss and Plaintiffs' response, the Court finds that Plaintiffs have made a colorable showing of personal jurisdiction over SI sufficient to allow the Court to preserve the status quo by entering a Temporary Restraining Order. *See generally Enter. Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470–71 (5th Cir. 1985). And of course, the Court will reexamine the issue when considering Plaintiffs' motion for a preliminary injunction.

Plaintiffs are not required to post any bond in connection with this Temporary Restraining Order.

Plaintiffs have also moved for a preliminary injunction. The hearing on Plaintiffs' application for a preliminary injunction is set for the **1st of July, 2020, at 1:30 p.m.** The hearing will take place at the **Paul Brown United States Courthouse, 101 E. Pecan Street, Sherman, Texas.**

This Temporary Restraining Order shall be in full force and effect through the expiration of the fourteenth (14th) day following issuance of this order, unless extended by the Court or by agreement of the parties.

This order was issued at 3:48 **p.m. on June 19, 2020**.

**IT IS SO ORDERED**.

**SIGNED this 19th day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE