IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCRUM ALLIANCE, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 4:20-cv-00227 |
| : | |
| SCRUM, INC., : | July 2, 2020 |
| JEFF SUTHERLAND, and : | |
| JJ SUTHERLAND, : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED
<u>JURISDICTIONAL DISCOVERY</u>**

Scrum, Inc., Dr. Jeff Sutherland, and JJ Sutherland (collectively, "Defendants") hereby submit this Opposition to Scrum Alliance, Inc. ("Plaintiff")'s Motion for Expedited Jurisdictional and Venue Discovery ("Motion"). (Dkt. #32).

The Motion is plainly moot. This case is indisputably governed by the forum selection clauses contained in the Certified Scrum Trainer and Registered Education Provider Agreements between SAI and each of the three Defendants. In those agreements, the Plaintiff and Defendants have ***irrevocably*** consented to ***exclusive*** jurisdiction and venue in Colorado. See ECF No. 22-5-6 at § 8.5; cf. ECF No. 22-4 at § 9.1 (nearly identical). The only issue before the Court is whether, under either Fifth Circuit or Colorado law, the Plaintiff could unilaterally and retroactively subvert this "irrevocable" contractual agreement. Both the courts within the Fifth Circuit and within the state of Colorado say that it cannot.

Indeed, in *Avicanna Inc. v. Mewhinney*, the Colorado Court of Appeals found that a plaintiff ***could not*** unilaterally waive a forum selection clause that required the parties to resolve their dispute in Canada. 2019 WL 3949256 (Colo. App. 2019). There, like here, the plaintiff, a Canadian corporation, argued that the parties' forum selection clause was solely for the plaintiff's benefit and therefore the plaintiff was entitled to waive it. *See id*. However, the Court rejected the argument for several reasons. First, the Court found that the forum selection clause was unambiguous, thereby rejecting the plaintiff's efforts to offer extrinsic evidence to prove that it had the ability to unilaterally waive the forum selection clause. Second, the Court rejected the plaintiff's argument because, like here, each party consented to the forum selection clause, making it bilateral. *See id*. at *4-5. Third, and nearly verbatim to the arguments previously made by the Defendants, the Court found that the use of the terms "irrevocable" and "exclusive" demonstrated that the plaintiff could not unilaterally waive the forum selection clause:

2

> we find significant the forum selection clause's proviso that each party "irrevocably attorns and submits to the exclusive jurisdiction of the courts of Ontario." (Emphasis added.) "Irrevocable" means "[u]nalterable; committed beyond recall." Black's Law Dictionary 994 (11th ed. 2019). Allowing Avicanna to sidestep the forum selection clause — that is, to revoke its ostensibly irrevocable commitment to abide by its terms — would render this language meaningless, a result we strive to avoid. *See Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310, 1313 (Colo. 1984) ("An integrated contract in the first instance is to be interpreted in its entirety with the end in view of seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless.").
>
> *Id.* at *5.

Therefore, even if the Court denies the motion to dismiss, the Court must transfer this action to Colorado.

In addition, the Plaintiff's Motion is moot because the Plaintiff has obtained the discovery it sought and no additional discovery is necessary. The Plaintiff requested expedited jurisdictional and venue discovery in the form of (1) requests for production, (2) a deposition of JJ Sutherland, and (3) a deposition of Scrum, Inc.'s corporate representative. *See* Mot. at 2. Since the filing of this Motion, the Plaintiff has taken the very depositions requested therein. On June 29, 2020 the Plaintiff deposed JJ Sutherland in his individual capacity and as Scrum, Inc.'s 30(b)(6) corporate representative. *See* JJ Sutherland Deposition Transcript, ECF No. 55-2. The Plaintiff asked extensive questions regarding jurisdictional and venue issues, and reviewed hundreds of documents produced by Defendants; therefore, the Plaintiff has had ample access to the evidence it needs to make the necessary showing on jurisdiction and venue. The Plaintiff even had the opportunity to argue those depositions before this Court.

The facts on the record show that (i) the Defendants have never taught a public Licensed Scrum course in the state of Texas; (ii) the Defendants have never taught even a private Licensed Scrum course in the Eastern District of Texas; (iii) only four residents of the entire state have

taken a public Licensed Scrum course, either in Massachusetts or via Zoom, and (iv) Defendant SI's employees, not Defendants Jeff or JJ Sutherland, have taught just one private Licensed Scrum course in Dallas and four private Licensed Scrum courses in Houston all at the private requests of clients. *See* Reply in Further Support of Motion to Dismiss or Transfer, ECF No. 47-1 Declaration of JJ Sutherland ¶¶ 3-7. To be clear, the individual Defendants, JJ and Jeff Sutherland, have ***never*** taught a singled Licensed Scrum course in the state of the Texas. Instead, the Plaintiff only relies on the fact that the individual Defendants taught Certified Scrum classes in the state of Texas, which is wholly unrelated to the Plaintiff's claims and does not confer specific jurisdiction.[1] No amount of document discovery will change these facts. Thus, the Plaintiff fails to establish how the Eastern District of Texas has jurisdiction over and is the proper venue for two individuals who are citizens of Massachusetts and the District of Columbia and a Massachusetts-based business that is organized under the laws of Delaware. The facts on the record reflect the full extent of Defendants' contacts with Texas. The Plaintiff has not and cannot state any additional facts it expects to discover that would confer jurisdiction or venue; therefore, this request should be denied.

## ARGUMENT

Here, the Court should deny the Plaintiff's Motion because it has not met its burden of demonstrating the necessity of additional jurisdictional discovery.

### A. Additional discovery will not be probative of whether the forum selection clause controls.

Additional discovery is not at all relevant to whether this case should be transferred to Colorado. As the Court expressed during the July 1, 2020 hearing, one of the key issues is that the Plaintiff and Defendants have all agreed to a forum selection clause in which both parties

---

[1] The Plaintiff has previously conceded that there is no general jurisdiction in this case.

"***irrevocably***" consent to the "***exclusive***" jurisdiction and venue in Colorado. *See* ECF No. 22-5-6 at § 8.5; cf. ECF No. 22-4 at § 9.1 (nearly identical). The Court's primary concern was whether the Plaintiff's recent attempt to retroactively amend the forum selection clause "effective as of January 1, 2020" is permitted under the law of the Fifth Circuit or Colorado law. As an initial matter, whether the Plaintiff could retroactively amend the forum selection clause by posting a change on its website in the midst of this litigation (to which the Defendants objected) is a legal question to be resolved by the Court, and no additional fact discovery is necessary. Nonetheless, any discovery would be futile because both the law within the Fifth Circuit and in the state of Colorado is clear that the Plaintiff could not unilaterally and retroactively amend the parties' forum selection clause.

As discussed in the Defendants' Reply Brief in Further Support of its Motion to Dismiss and/or Transfer (Dkt. # 47), Fifth Circuit precedent establishes that the Plaintiff's attempt to retroactively curtail the parties' forum selection clause is impermissible. *See Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008) (arbitration clause was illusory and unenforceable because one party could theoretically retroactively impose contract changes to existing disputes). Indeed, courts within the Fifth Circuit and beyond have routinely found that a party cannot amend a material provision and unilaterally subject the Defendants to jurisdiction in any venue the Plaintiff chooses simply by posting an amendment to its website. *See Harris v. Blockbuster Inc.*, 622 F. Supp. 2d 396, 400 (N.D. Tex. 2009) (arbitration clause unenforceable because the contract was merely "illusory" where one party maintained unilateral discretion to alter the contract by merely posting notice of the change to its website); *see also Rodman v. Safeway Inc.*, 125 F. Supp. 3d 922, 932 (N.D. Cal. 2015), aff'd, 694 F. App'x 612 (9th Cir. 2017) (update in terms and conditions merely posted to the company's website to amend the contractual

obligation between the parties was insufficient); *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 125–26 (2d Cir. 2012) (mandatory arbitration clause was unenforceable that employees received by email and did not require affirmative assent) (cited to in *Edminster, Hinshaw, Russ & Assocs., Inc. v. Downe Twp.*, 953 F.3d 348, 351 (5th Cir. 2020)).

If the Court were to apply Colorado law, the result would be no different. As the Court noted during the parties' July 1, 2020 hearing, the License Agreements are governed by Colorado law. See ECF No. 22-5-6 at § 8.5; cf. ECF No. 22-4 at § 9.1 (nearly identical). As discussed, Colorado law is abundantly clear that the Plaintiff's unilateral attempt to amend the forum selection clause is impermissible. *Avicanna*, 2019 WL 3949256 at *5. (finding plaintiff could not unilaterally waive forum selection clause where each party "irrevocably" consented to the "exclusive" jurisdiction of Canada).

As a result, whether the Court applies the law of the Fifth Circuit or the law of Colorado, this case should clearly be transferred to Colorado and no additional discovery or extrinsic evidence is necessary on this point.

### B. Additional Jurisdictional Discovery is not warranted because it will not produce any significant additional facts.

In addition, the Plaintiff has not met its burden of demonstrating the need for additional jurisdictional discovery. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) ("As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery."). The Plaintiff must show with particularity what facts it expects to discover, and how those facts will allow its claims to withstand the motion to dismiss or transfer. *See id* (denying request for jurisdictional discovery because the Court "did not believe that the request would add any significant facts."); *see also Freeman v. United States*, 556 F.3d 326, 341–42 (5th Cir. 2009)("a party is not entitled to jurisdictional discovery if the

record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.").

The Plaintiff has already taken a deposition of JJ Sutherland in his individual capacity and as Scrum, Inc.'s 30(b)(6) corporate representative; and reviewed the Defendants' produced documents. The Plaintiff cannot show what *significant* additional facts would be discovered from its request for production fishing expedition. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221(5th Cir. 2000) (affirming denial of request for jurisdictional discovery where the "court did not believe that the request would add any significant facts.").

The Court should deny a request for jurisdictional discovery where the Plaintiff fails to show that *significant* additional facts will be discovered which would allow the Plaintiff to withstand dismissal or transfer. *See e.g. Monkton*, 768 F.3d at 434; *Repairify, Inc. v. AirPro Diagnostics, LLC,* No. CV H-19-1370, 2019 WL 7987116, at *7 n.28 (S.D. Tex. July 15, 2019) ("Without stating what other facts pertinent to jurisdiction are expected to be discovered and a plausible basis for that expectation, Plaintiff fails to carry its burden to show that additional jurisdictional discovery is warranted."); *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F.Supp.3d 664, 672 (S.D. Tex. 2014) (denying jurisdictional discovery and transferring a case for lack of personal jurisdiction because plaintiff failed to prove what facts the jurisdictional discovery may yield that would affect the ultimate transfer).

The Plaintiff has had ample opportunity to allege and discover facts related to Defendants' contacts with Texas. The parties have a long standing business relationship, including years of licensing agreements allowing Defendants to certify using Plaintiff's marks, so the Plaintiff has familiarity with Defendants' limited contacts with the forum. *See e.g. Repairify*, 2019 WL 7987116, at *7 n.28 (denying jurisdictional discovery because the Plaintiff

7

could not show what additional facts would be discovered where "the parties know each other well and have engaged in previous litigation against each other, have filed full briefs including their verified evidence related to Defendant's contacts with Texas alleged in Plaintiff's Complaint.").

In fact, the Defendants have submitted multiple declarations in support of their Motion to Dismiss and other filings which demonstrate the full extent of the Defendants' limited contacts with the forum. *See* ECF 22-2; ECF 22-3; ECF No. 47-1. Further jurisdictional discovery is not warranted where the lack of personal jurisdiction can be determined as a matter of law. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."). Here, the Defendants have submitted many declarations describing the extent of their purported contacts with the forum, and have been deposed as to the same. *See* ECF 22-2; ECF 22-3; ECF No. 47-1; ECF No. 55-2. There are not major factual disparities on the Defendants' limited contacts with the forum to justify a stay in deciding on dismissal or transfer. *See id.* All of the facts requested by the Plaintiff in its requests for production are already established by Defendants in its declarations and deposition. *Compare* ECF No. 32-1; *and* ECF 22-2; ECF 22-3; ECF No. 47-1; ECF No. 55-2. While the Defendants object to the Plaintiff's characterization of its contacts with the forum, and disagree that the contacts are sufficient to confer jurisdiction; the Defendants have nonetheless provided the Plaintiff and this Court with sufficient evidence of said contacts.

The record establishes that (i) the Defendants have never taught a public Licensed Scrum course in the state of Texas; (ii) the Defendants have never taught even a private Licensed Scrum course in the Eastern District of Texas; (iii) only four residents of the entire state have taken a

public Licensed Scrum course, either in Massachusetts or via Zoom, and (iv) Defendant SI's employees, not Defendants Jeff or JJ Sutherland, have taught just one private Licensed Scrum course in Dallas and four private Licensed Scrum courses in Houston all at the private requests of clients. Likewise, the record establishes that neither of the individual Defendants have ever taught a Licensed Scrum course in the state of Texas. Instead, the Plaintiff only relies on the fact that the individual Defendants taught Certified Scrum classes in the state of Texas, which is wholly unrelated to the Plaintiff's claims and does not confer specific jurisdiction. Additionally, the Defendants have submitted testimony and answered questions regarding its limited website offerings in Texas, its lack of advertising directed at the forum, and the fact that it has only one current employee in Texas who moved there for personal reasons and only offers remote consulting outside of Texas. ECF No. 47-1 ¶7; ECF No. 31-16 ¶27; ECF No. 22-2 ¶9.

It is clear that Plaintiff has facts on the record responsive to every single request for production it now seeks. Therefore, there are no significant additional facts to be discovered, and the Court should deny the Plaintiff's mooted request for additional discovery.

## CONCLUSION

The Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion for Expedited Jurisdictional and Venue Discovery and grant the Defendants' Motion to Dismiss or Transfer.

BROWN RUDNICK LLP

*/s/ Dylan P. Kletter*
Edward J. Naughton (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
enaughton@brownrudnick.com

-and-

Dylan P. Kletter *(pro hac vice)*
Anthony J. Boccamazzo (*pro hac vice*)
Kelsey D. Bond *(pro hac vice)*
185 Asylum Street, 38th Floor
Hartford, CT 06103
Telephone: (860) 509-6500
Facsimile: (860) 509-6501
dkletter@brownrudnick.com
aboccamazzo@brownrudnick.com
kbond@brownrudnick.com

-and-

Andrew B. Ryan
Texas State Bar No. 24054464
Ryan Law Partners LLP
3811 Turtle Creek Boulevard, Suite 780
Dallas, Texas 75219
Telephone: (214) 347-7360
andy@ryanlawpartners.com

*Attorneys for Defendants Scrum, Inc., Jeff Sutherland, and J.J. Sutherland*

Dated: July 2, 2020

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing document was filed electronically on July 2, 2020, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

                                      */s/ Dylan P. Kletter*
                                      Dylan P. Kletter *(pro hac vice)*