IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SCRUM ALLIANCE, INC.,<br><br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>SCRUM, INC.,<br>JEFF SUTHERLAND, and<br>JJ SUTHERLAND,<br><br>　　　Defendants. | :<br>:<br>:<br>:<br>:　Civil Action No. 4:20-cv-00227<br>:<br>:　September 25, 2020<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Scrum, Inc., Jeff Sutherland, and JJ Sutherland (collectively, "Defendants") hereby bring this motion ("Motion") for a protective order pursuant to Rule 26(c) to excuse twenty-four nonparty customers of Scrum, Inc. from compliance with the subpoenas *duces tecum* that Scrum Alliance, Inc. ("SAI") (the "Subpoenas").

## FACTUAL BACKGROUND

On August 24, 2020, SAI served fourteen subpoenas on some of Scrum, Inc.'s largest customers. *See* Exs. 1-14. The subpoenas demanded that each of these customers produce all emails to or from present or former employees of Scrum, Inc, all emails to or from a Scrum, Inc. e-mail address, as well as all emails and documents concerning Defendants' "Licensed Scrum" offerings, without limitation.[1]  SAI served copies of the subpoenas on counsel for Defendants on

---

[1] The subpoenas were issued to (1) 3M Company on St. Paul, Minnesota; (2) Agile Genesis, Inc. in Coral Springs, Florida; (3) Aleph Technologies LLC in Richardson Texas; (4) Bain & Company, Inc. in Boston, MA, which has asserted objections; (5) BMNT, Inc. in Palo Alto, California; (6) Bright Horizons Family Solutions, Inc. in Watertown, MA; (7) Deere & Co. in Moline, Illinois; (8) Duke Energy Corporation in Charlotte, North Carolina; (9) IQVIA Inc. in Danbury, Connecticut; (10) Mass General Brigham in Boston, MA; (11) New Technology Solutions,

August 25, 2020.  On September 10, 2020, SAI served another ten subpoenas requesting the same documents on several other of Scrum, Inc.'s largest clients, requesting compliance by September 25, 2020.[2]  *See* Exs. 15-24.

The clear intent of the Subpoenas is to harass and embarrass Defendants, burden their customers by propounding unnecessary and duplicative discovery, and damage their relationships with these customers.  SAI has already sought broad discovery from Defendants, including propounding over 80 requests for documents, and received thousands of documents from Defendants.  On top of this, SAI now seeks duplicative, unnecessary, and burdensome productions from twenty-four nonparty customers of Scrum, Inc. across the United States.  These requests to customers, which broadly seek information that can be obtained directly from Defendants, clearly demonstrate SAI's singular intent to burden, harass, annoy, and embarrass Defendants.  As such, the Subpoenas are no more than an attempt to annoy and embarrass SAI's competitor and litigation adversary and to burden Defendants' third-party customers and relationships with those customers.  This Court should enter a protective order under Rule 26(c) to protect Defendants' customers from compliance with the Subpoenas and protect Defendants from annoyance and embarrassment.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a court may grant a motion for protective order to deny discovery, quash or modify a subpoena, or otherwise limit the scope of permissible discovery "for good cause . . . to protect a party or person from annoyance,

---

Inc. in Tewksbury, Massachusetts; (12) Schlumberger Ltd. in Houston, Texas; (13) Walmart Inc. in Bentonville, Arkansas; and (14) Westrock Company in Atlanta, Georgia.

[2] The subpoenas were issued to: (15) BlackRock, Inc. in Albany, NY; (16) Bloomberg L.P. in Albany, N.Y; (17) Intel Corporation in Los Angeles, California;  (18) The Lane Corporation in Cheshire, Connecticut; (19) United States Department of the Navy, Explosive Ordnance Disposal in Washington Navy Yard, District of Columbia; (20) Northrop Grumman Corporation in Glen Allen, Virginia; (21) Peloton Interactive, Inc. in Albany, NY; (22) Raytheon Company in Boston, MA; (23) Astra Space Inc. a/k/a Stealth Space Company in Alameda, CA; and (24) Verizon Communications Inc. in New York, NY.

embarrassment, oppression, or undue burden or expense." *See* Fed.R.Civ.P. 26(c)(1). Under this rule, a party may move for a protective order "regardless of whether the moving party is seeking to prevent disclosure of information by a nonparty, as long as the moving party can tie the protected information to an interest listed in the rule . . . ." *Firetrace USA, LLC v. Jesclard*, No. cv–07–2001, 2008 WL 5146691, at *2 (D. Ariz. Dec. 8, 2008); *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307–08 (D.S.C. 2013); *Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-CV-99, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("A motion for a protective order may be made by any party and such party may seek a Rule 26(c) protective order if it believes its own interest is jeopardized by discovery sought from a third person.") (internal citation omitted). Courts must also "limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Here, a protective order should enter to protect Defendants, and their nonparty customers, from annoyance, embarrassment, and undue burden.

## ARGUMENT

### I. Scrum, Inc. Has Standing

As an initial matter, Scrum, Inc. has standing to seek a protective order on behalf of nonparty customers pursuant to Rule 26 because the Subpoenas seek information intended to cause annoyance and embarrassment to Defendants.[3] *See, e.g., Kilmon*, 2018 WL 5800759, at

---

[3] Defendants further note that a motion for protective order under Rule 26(c) is properly brought in the court in which the action is pending or in the court of compliance. *See* Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . ."). In addition, this motion is timely with respect to the 10 subpoenas setting a compliance date of September 25, 2020 because a motion of this nature is timely if brought within the time for compliance. Courts have generally "read the timeliness requirement to mean within the time set in the subpoena for compliance." *See e.g. Town of Grafton v. Pulte Homes of New England*, LLC, No. 12-10524-TSH, 2014 WL 2155035, at *3 (D. Mass. May 21, 2014); *see*

*4. A party has standing to seek a protective order on behalf of a non-party "as long as the moving party can tie the protected information to an interest listed in [Rule 26]," such as annoyance, embarrassment, oppression, or undue burden or expense. *See, e.g., Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-cv-40007-FDS, 2012 WL 1358662, at *10 (D. Mass. Apr. 18, 2012); *Field v. Anadarko Petroleum Corp.*, No. 4:20-CV-00575, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) ("a party has standing to move for a protective order pursuant to Rule 26(c) . . . even if the party does not have standing pursuant to Rule 45(d)."); *Ferris Mfg. Corp. v. Thai Care Co.*, No. 4:17-CV-01024-O, 2019 WL 8223600, at *2 (N.D. Tex. Jan. 25, 2019) ("Defendants have standing under Rule 26(c) to seek a protective order limiting or modifying the scope of the subpoenas because their Motion contends that carrying out the subpoenas would be expensive and unduly burdensome and were intended to embarrass and oppress Defendants."); *see also Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017) ("Given that [plaintiff] does not challenge [defendant's] standing under Rule 26, [his] standing argument under Rule 45 is largely irrelevant."). Here, the Subpoenas are clearly intended to cause annoyance and embarrassment to Defendants by burdening their customers and their relationships with these customers. As a result, Defendants

---

*also City of St. Petersburg v. Total Containment*, Inc., No. MISC. 07–191, 2008 WL 1995298, at *2 (E.D.Pa. May 5, 2008) (finding motions to quash are "timely" under Rule 45 so long as filed by return date of subpoena, so long as the subpoena's compliance period is of "reasonable duration"). Further, the Motion is timely as to the earlier-issued subpoenas. *See, e.g., United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 11477131, at *1 (N.D. Tex. Oct. 23, 2017) (denying motion to compel because ". . .thirty days is a "reasonable time" to respond to a subpoena duces tecum. . ." especially where the subpoenaed third-party was only given 15 days for compliance). Moreover, it is well within this Court's discretion to grant a protective order that applies to all subpoenas. *See, e.g., MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) (explaining that "subpoenas duces tecum are discovery devices governed by Rule 45 but also subject to the parameters established by Rule 26" and that a "court retains discretion to decline to compel production of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made.") (quoting *Arthur J. Gallagher & Co.*, 2017 WL 5713361, at *2); *Green v. Cosby*, No. 3:14-CV-30211-MGM, 2017 WL 1377593, at *2 (D. Mass. Apr. 11, 2017) ("Federal Rule of Civil Procedure 26(b)(2)(C)(iii) requires the court to limit the frequency or extent of discovery otherwise allowed under those rules or by local rules if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). The court may do so "[o]n motion or on its own." Fed. R. Civ. P. 26(2)(C).").

have standing here to move for protective order on behalf of nonparty customers subject to the Subpoenas.

## II.      The Subpoenas Are Unduly Burdensome.

A protective order is warranted because the Subpoenas are unduly burdensome and seek information available from more convenient sources, namely Defendants.  In fact, courts have an affirmative obligation to protect third parties from burdensome or duplicative discovery.  *See generally Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) ("[T]he court must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.") (citing Fed. R. Civ. P. 26(b)(2)(C)) (internal quotation omitted).  Courts routinely limit discovery intended to harass an opposing party by antagonizing or burdening its customers.  *See, e.g., Accusoft Corp.*, 2012 WL 1358662, at *11 (quashing subpoenas where it was "more than likely that the breadth and intrusiveness of the subpoenas will cause a degree of harm to defendants' customer relationships"); *MAP Co. v. Lebanese Arak Corp.*, 2017 WL 10434017, at *1 (C.D. Cal. Oct. 26, 2017) (quashing subpoenas to defendant's customers on basis of undue burden though customers themselves did not assert undue burden); *Renfro v. Weis-Buy Servs., Inc.*, 2005 WL 8159582, at *2 (M.D. Fla. Feb. 10, 2005) (quashing overly broad customer subpoenas that would create "an undue burden and annoyance" on defendant); *Murata Mfg. Co. v. Bel Fuse Inc.,* No. 03 C 2934, 2004 WL 1194740, at *5 (N.D. Ill. May 26, 2004) (entering protective order prohibiting plaintiff from contacting customers where there were other means to attain the information and recognizing harm to defendant's commercial standing and relationships with its customers if the subpoenas are enforced).[4]

---

[4] Courts have given the commercial damage associated with dragging customers or customer information into a litigation significant weight.  *See e.g. Red River Fiber Optic Corp. v. Verizon Servs. Corp.*, No. 3-11-CV-1010-L-

"Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014). Here, the Subpoenas broadly request all communications between each third-party customer and Scrum, Inc., in addition to all emails and documents concerning or relating to Scrum, Inc.'s "Licensed Scrum" offerings. *See* Exhibits 1-24. This information is equally available and far less burdensome to obtain directly from Defendants, who have already responded to over 80 requests document requests and produced thousands of documents to SAI, many of which are duplicative of and responsive to SAI's subpoena requests. For example, SAI has requested communications and documents related to "every person" who has inquired about taking any Licensed Scrum course (*see* Request Nos. 40-47), related to "all non-public" Licensed Scrum courses offered by Scrum (*see* Request No. 60, *see also* Request Nos. 1, 5, 6-7, and 9), and Defendants have already produced several communications and documents responsive to such requests. *See* Ex. 25. Where the requested information can be obtained from Defendants without burdening nonparty customers, a protective order should enter to prohibit such burdensome discovery from nonparties. *See Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with

---

BD, 2012 WL 13026822, at *1 (N.D. Tex. Jan. 10, 2012) (denying motion to compel customer information when that information may be shared with a competitor because that is presumptively harmful); *digEcor, Inc. v. e.Digital Corp.,* 2008 U.S. Dist. LEXIS 69936 (D. Utah, Sept. 16, 2008) ("Discovery requests directed to an opponent's customers are to be approached with caution, even more than is advised in most discovery directed to third-parties."); *See id.* (modifying discovery requests to customers, albeit minorly); *Oak Valley Inv., L.P. v. Southwick*, No. 2:06 CV 737 DB, 2007 WL 2155689, at *2 (D. Utah July 25, 2007) (granting motion to compel discovery of client information from Defendant but granting protective order prohibiting plaintiff counsel "from contacting any of the customers identified in the information until further order of the court, upon motion, notice and hearing" addressing the Defendant's "valid concern regarding the protection of customer relations from damage because of pre-trial discovery."); *Cognex Corp. v. VCode Holdings, Inc.*, No. CV 06-1040 (JNE-JJG), 2007 WL 9734969, at *5 (D. Minn. Apr. 9, 2007) (denying motion to compel customer lists and information where that information would inevitably be used to propound discovery on those customers, especially where the information is otherwise available from the Defendant).

production of those same requests."); *Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009) (when balancing hardships between requesting party and non-party, court should consider whether there are other sources for obtaining the material). As such, the Subpoenas are unduly burdensome and a protective order should enter. *See AECOM Tech. Servs., Inc. v. Zachry Constr. Corp.*, No. 219MC00201JAKRAOX, 2020 WL 1934973, at *4 (C.D. Cal. Feb. 3, 2020) (quashing subpoena where documents are equally attainable from party to the litigation); *DeGregorio v. Phillips Elecs. N. Am. Corp.*, 2007 WL 4591966, at *3 (N.D. Ill. Dec. 28, 2007) (granting protective order for discovery request served on defendants' customers because it was "cumulative of what defendants already ha[d] produced."); *Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 849 (D. Del. 1991) (entering protective order where the parties are "fierce competitors" prohibiting parties from seeking discovery from the other's customers where doing so may harm relations with customers, where the information could likely be attained from party).

### III. The Subpoenas Are Overly Broad.

A protective order should also enter to protect Defendants and their nonparty customers from the overly broad nature of the Subpoenas. *See Manookian v. Mervis*, No. CV 4:17-MC-00056, 2017 WL 3457063, at *2 (E.D. Tex. Aug. 11, 2017) (denying motion to compel third party where requests sought all documents related to the party to the action without particularization and without reference as to whether those documents relate to the action, and other requests had no limitation in the time period). Here, the Subpoenas broadly seek "[a]ll emails to or from present or former employees of Scrum, Inc.," as well as all emails from any Scrum, Inc. email address, and all emails and all documents concerning Scrum, Inc.'s "Licensed Scrum" offerings. These requests are not limited in any way to relevance to any claims or

defenses in this action or by any time limitation, rendering them facially overbroad. Courts have found third-party subpoenas to be facially overbroad where they "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date"; "[t]he requests are not particularized"; and "[t]he period covered by the requests is unlimited." *See e.g. In re O'Hare*, Misc. A. No. H–11–0539, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012). Accordingly, a protective order is warranted to excuse Defendants' nonparty customers from compliance with the Subpoenas.

## CONCLUSION

For the reasons set forth herein, the Court should issue a protective order to excuse Defendants' nonparty customers from compliance with the subpoenas issued by SAI.

Respectfully submitted,

BROWN RUDNICK LLP


　_/s/ Jessica T. Lu_
Edward J. Naughton (*pro hac vice*)
Jessica T. Lu (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
enaughton@brownrudnick.com
jlu@brownrudnick.com

-and-

Dylan P. Kletter *(pro hac vice)*
Anthony J. Boccamazzo (*pro hac vice*)
Kelsey D. Bond *(pro hac vice)*
185 Asylum Street, 38th Floor
Hartford, CT 06103
Telephone: (860) 509-6500
Facsimile: (860) 509-6501
dkletter@brownrudnick.com
aboccamazzo@brownrudnick.com

kbond@brownrudnick.com

-and-

Andrew B. Ryan
Texas State Bar No. 24054464
Ryan Law Partners LLP
3811 Turtle Creek Boulevard, Suite 780
Dallas, Texas 75219
Telephone: (214) 347-7360
andy@ryanlawpartners.com

*Attorneys for Defendants Scrum, Inc., Jeff Sutherland, and J.J. Sutherland*

Dated: September 25, 2020

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on September 25, 2020, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

          */s/ Jessica T. Lu*
          Jessica T. Lu *(pro hac vice)*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), I hereby certify that on September 25, 2020, I conferred with Charles Babcock, Esq., counsel for Plaintiff, via telephone regarding this motion.  Mr. Babcock stated that he would get back to me once he was able to connect with his client but anticipated that he would be unlikely to be able to do so until next week.  Defendants are filing this motion due to the deadline for compliance.

      */s/ Jessica T. Lu*
Jessica T. Lu (*pro hac vice*)

    */s/ Andrew B. Ryan*
   Andrew B. Ryan