# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SCRUM ALLIANCE, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 4:20-cv-00227 |
| : | |
| SCRUM, INC., : | October 19, 2020 |
| JEFF SUTHERLAND, and : | |
| JJ SUTHERLAND, : | |
| : | |
| Defendants. : | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendants Scrum, Inc., Jeff Sutherland, and JJ Sutherland hereby submit this reply in further support of their Motion for a Protective Order (Dkt. # 91, hereinafter, the "Motion").

## ARGUMENT

**A.    The Motion is Timely.**

As an initial matter, the Motion is unquestionably timely, at the very least, with respect to the Subpoenas bearing a return date of September 25, 2020, as the Motion was filed on that date.[1] Moreover, the timeliness of the Motion with respect to the other Subpoenas, issued on August 24, 2020 with a return date of September 14, 2020, does not prevent this Court from using its discretion to *sua sponte* preclude discovery that exceeds the scope of relevant and proportional discovery. *See, e.g., MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) (subpoenas are "subject to the parameters established by Rule 26" and a "court retains discretion to decline to compel production […] when the request exceeds the bounds of fair discovery, even if a timely objection has not been made") (quoting *Arthur J. Gallagher & Co. v. O'Neill*, No. CV 17-2825, 2017 WL 5713361, at *2 (E.D. La. Nov. 27, 2017)).[2]

Further, contrary to SAI's blatant misrepresentations (*see* Dkt. #96, at 4-5), the meet and confer requirement has also been satisfied, where Defendants' counsel, Jessica Lu, reached out to SAI's counsel, Chip Babcock, by telephone at 3:53 PM CDT on Friday, September 25, 2020—not "about 7 p.m. on Friday night," as SAI chronicles—to inform Mr. Babcock of Defendants' intention to seek the relief requested in the Motion that day and to request SAI's position.

---

[1] The Motion was timely filed on September 25, 2020. Due to a clerical error during the filing process, the pleading was marked as deficient by the Clerk on September 28, 2020, and Defendants were directed to re-file within one business day. Defendants re-filed the identical pleading that same day and as a result—and as confirmed by the Deputy Clerk—the Motion remains timely filed (Dkt. # 91).

[2] *See also United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 11477131, at *1 (N.D. Tex. Oct. 23, 2017). In *Cabelka*, the court denied a motion to compel, where the non-party neither objected nor moved to quash or modify, on the basis that the subpoena did not provide thirty days to respond, as set forth in Federal Rule of Civil Procedure 34(b)(2)(A) governing document requests, which the court found to be analogous to Rule 45 subpoenas. *Id.* (citing *Parra v. State Farm Lloyds*, No. 7:14-CV-691, 2015 WL 12940023 (S.D. Tex. Jan. 13, 2015)).

Declaration of Jessica Lu ("Lu Decl."), attached hereto as Ex. A, at ¶ 2. Mr. Babcock stated that he would need to confer with his client and that he did not believe he would be able to reach his client until the following week, and Ms. Lu requested that Mr. Babcock inform her of any updates. *Id.* Having not heard back from Mr. Babcock, five hours later, at 8:49 PM CDT—which SAI incredibly describes to the Court as "a short few minutes later"—Defendants proceeded to file the Motion to preserve its timeliness. *Id.*

B.   **Defendants Have More Than Adequately Established Undue Burden.**

SAI contends that Defendants have not provided sufficient evidence that the Subpoenas are unduly burdensome. *See* Dkt. # 96, at 7–8. To the contrary, undue burden is clearly established where the Subpoenas broadly seek information that is, by definition, equally available from Defendants, including communications between each of the 24 customers and Scrum, Inc. employees. Motion, at 6–7. This is more than sufficient to support entry of a protective order.[3] The authority cited by SAI does not suggest otherwise.[4]

SAI's contention that the Subpoenas are "critical" because Defendants have intentionally withheld relevant communications is also false. As an initial matter, SAI's document requests to

---

[3] *See, e.g., Accusoft Corp. v. Quest Diagnostics, Inc.*, No. 12-40007-FDS, 2012 WL 1358662, at *10 (granting motion to quash based on arguments that subpoenas were "overbroad, beyond the scope of permissible discovery, and designed to harass by disrupting defendants' relationships with their customers," and sought information that "could be obtained through discovery requests directed to defendants themselves").

[4] SAI's reliance on *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), is misplaced. In that case, the court found an abuse of discretion in entering a protective order sequestering deposition witnesses during discovery, explaining that Federal Rule 30(c) makes clear that in the "typical case," deposition witnesses are not subject to sequestration and finding that defendants "made nothing more than a conclusory allegation that a substantial majority of the fact witnesses in the underlying litigation are employees of Terra and that they will therefore be subject to Terra's influence and will be inclined to protect each other through a sense of 'camaraderie,'" and failed to provide any supporting affidavit or evidence to support this assertion. *Id.* As the court explained, "[t]o conclude otherwise would indicate that good cause exists for granting a protective order any time fact witnesses in a case are employed by the same employer or are employed by a party in the case." *Id.* Contrary to SAI's suggestion, this holding does not support the proposition that additional evidence is required in support of a protective order here, where undue burden is based on overbreadth of the requests and the availability of the requested discovery from Defendants, both of which are apparent from the face of the Subpoenas. SAI also cites *McLeod, Alexander, Powel & Apfell, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990), is likewise inapposite because, in that case, the party seeking a protective order asserted boilerplate objections lacking any grounds or detail to all requests, refused to produce any documents, and then moved for a protective order and sanctions, which was denied as conclusory.

Defendants do ***not*** request communications between Scrum, Inc. and any of the 24 customers subpoenaed by SAI (the "Recipients"). SAI complains of the "dearth of Defendants' document production pertaining to the Recipients," painting Defendants' document production as a "scheme" to withhold information but fails to account for the holes in SAI's own requests to Defendants. *See* Dkt. # 96, at 8. For example, the fact that Defendants have not produced any communications with 10 of the 24 Recipients is unsurprising where SAI has not requested such documents. Had SAI requested communications with these customers from Scrum, Inc. in the first instance, Defendants would have been able to identify additional relevant documents without unduly burdening any non-parties.[5] SAI has an obligation to minimize any burden on non-parties, which it has failed to do. *See* Motion, at 6–7.[6] To the extent the Subpoenas are directed to relevant information, that information is attainable and should be sought from Defendants in the first instance. *See In re Motions to Quash Subpoena filed by Craft Gallery, Ltd.*, No. 11-CV-01239 AW, 2013 WL 8367788, at *2 (W.D. Tex. Apr. 5, 2013) (quashing subpoenas seeking documents party should have moved to compel from opposing party).[7]

SAI next contends that it is, in fact, "*more* burdensome to obtain discovery from Defendants than it is from third parties," apparently misunderstanding the relevant standard governing when a subpoena should be quashed. Dkt. #96, at 7. Any alleged burden on SAI is

---

[5] To date, Defendants have already produced 424 documents referencing or reflecting communications with the 24 Recipients in response to other requests. *See* Lu Decl., at ¶ 3.

[6] Fed. R. Civ. P. 45(d)(1) and 26(c) (court "[o]n motion or on its own" must limit discovery sought if it "can be obtained from some other source that is more convenient"); Ford Motor Co. v. Versata Software, Inc., 316 F. Supp. 3d 925, 940 (N.D. Tex. 2017) (modifying subpoena seeking information equally available from another source and requested to harass the opposing party).

[7] SAI identifies a number of documents produced by non-parties that have not been produced by Defendants. Notably, however, the majority of these documents were not produced by any of the 24 customers who are the subject of the Motion. In fact, nearly all of the documents identified by SAI were obtained from two subpoenas that Defendants does not contest—a fact that SAI conveniently leaves out. On top of this, many of these documents were produced by a former Scrum, Inc. employee, who has apparently illegally retained and produced sensitive and confidential Scrum, Inc. documents, without its knowledge or consent, despite separating from Scrum, Inc. over two years ago, which are therefore inadmissible here. Third party subpoenas cannot be used to circumvent the bounds of permissible discovery. *See Hirsch v. USHealth Advisors, LLC,* No. 4:18-CV-245-P, 2020 WL 1271588, at *3 (Feb. 14, 2020), *aff'd*, No. 4:18-CV-00245-P, 2020 WL 1271374 (N.D. Tex. Mar. 12, 2020).

not relevant to this determination; rather, it is the significant burden and annoyance imposed on Defendants and their non-party customers by SAI's broad requests, which are clearly intended to harass and interfere with Defendants' customer relationships, that governs. *See* Motion, at 5. To the extent SAI takes issue with Defendants' objections or production to date, SAI should meet and confer with Defendants to clarify or to compel additional information.[8]

Likely recognizing the overly broad and untargeted nature of its requests, SAI now claims that the Subpoenas are critical because they are directed to "discovery of Defendants' intent to confuse," and "designed to discover" "information related to actual confusion," though the requests themselves demonstrate otherwise. Dkt. #96, at 4. It is clear that these requests, which seek **_all_** emails with Scrum, Inc. employees, **_all_** emails with a Scrum, Inc. e-mail address, and **_all_** documents concerning "Licensed Scrum" offerings, without limitation, are vastly overbroad, not proportional, and intended as a fishing expedition, to impose undue burden on Defendants, and to harass their largest customers.[9] As such, a protective order is necessary.[10]

---

[8] Defendants note that the parties met and conferred on Monday, October 19, 2020, to discuss, among other things, Defendants' document production. During this meet and confer, counsel for SAI raised several discovery-related issues but, tellingly, did not touch on or attempt to request any of the categories of documents sought by the Subpoenas from Defendants. To the extent Defendants produce additional documents that may be responsive to the Subpoenas, the non-party customers should not be required to comply further. *See, e.g., McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 2609994, at *13 (N.D. Tex. May 6, 2016) (where party produced information sought from third-party subpoena, further third-party compliance was unnecessary). Moreover, SAI cites *Arthrex, Inc. v. Parcus Med., LLC*, No. 1:11-mc-00107-SEB, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011), for the proposition that it should be entitled to ask the Recipients to produce documents Defendants may have. Dkt. #96, at 9. There, the court ultimately allowed a third-party request for documents that may also be in the possession of a party, in part because that party had a potential document retention issue. *Id.* The court was also concerned that the mere fact of the third party's possession of documents could be relevant to the third party's role and defense theories in that case. *Id.* Here, there is no such concern to support ignoring the general rule that "a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party[.]" *Id.*

[9] SAI also claims that its Subpoenas seek information related to actual confusion by Recipients that is "uniquely in the Recipients' possession," though this is belied by the exceedingly broad and general nature of the requests, and SAI provides no examples of any such documents uniquely in the possession of the Recipients in any third-party productions. Dkt. #96, at 3, 4.

[10] *See Hirsch v. USHealth Advisors, LLC*, 2020 WL 1271588, at *3 (granting protective order to protect vendors from compliance with overbroad and irrelevant subpoenas); *IAS Servs. Grp., LLC v. Jim Buckley & Assocs., Inc.*, No. CV SA-14-CA-180-FB, 2014 WL 12861745, at *1 (W.D. Tex. Dec. 5, 2014) (granting protective order for subpoena to party's largest customers as overbroad and unduly burdensome).

SAI also intentionally misconstrues Defendants' objections to SAI's noticed deposition topics, which are consistent with the relief requested in the Motion. *See* Dkt. #96, at 9–10. Specifically, Defendants objected to two topics seeking testimony, in an oral deposition on behalf of Scrum, Inc., on communications with **43** separate customers, as "not the appropriate discovery mechanism to obtain such information," which is more properly sought through written discovery. Defendants also objected to the extent these topics were duplicative of discovery already propounded to preserve any such objection. Dkt. #96-2, at 3–4. SAI's suggestion that these routine and entirely reasonable objections evince a "plan to thwart discovery at every turn" is unsupported.[11]

Finally, though SAI points out that the Recipients did not move for protection themselves (Dkt. #96, at 10–11), a non-party need not complain for a court to protect against an unduly burdensome subpoena. *See, e.g.*, *MAP Co. v. Lebanese Arak Corp.*, No. CV 16-05039-AB, 2017 WL 10434017, at *1 (C.D. Cal. Oct. 26, 2017) (quashing subpoenas to customers who did not themselves complain of undue burden); *see also* Fed. R. Civ. P. 26(c). Accordingly, a protective order should be entered to protect the Recipients from further compliance with the Subpoenas.

## **CONCLUSION**

For these reasons, and those set forth in the Motion, the Court should issue a protective order pursuant to Rule 26(c) to protect the Recipients from further compliance with the Subpoenas.

---

[11] Moreover, at the recent deposition of Scrum, Inc.'s corporate representative, Patrick Roach, counsel for Defendants informed counsel for SAI that, notwithstanding the objections asserted, Mr. Roach was prepared to testify as to these topics on behalf of Scrum, Inc. Lu Decl., at ¶ 4, Ex. 1, Deposition of Patrick Roach, Oct. 14, 2020, at 186:25-187:22, 244:16–245:11. Similarly, SAI's assertion that the Motion constitutes "Rambo tactics" is also baseless, where Defendants have identified with particularity the undue burden the Subpoenas pose in requesting overbroad information from non-party customers of a competitor that is available from a party. SAI relies on *Vine v. PLS Fin. Servs., Inc.*, No. 4:18-CV-00450, 2020 WL 408983, at *5 (E.D. Tex. Jan. 24, 2020) (Mazzant, J.), in which the asserted discovery objections were no more than "boilerplate legalese" that were untethered to the facts of the case, ignoring the fact that Defendants' objections to the scope and breadth of the Subpoena requests here are specific and detailed.

Respectfully submitted,

BROWN RUDNICK LLP

 /s/ Jessica T. Lu
Edward J. Naughton (*pro hac vice*)
Jessica T. Lu (*pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
enaughton@brownrudnick.com
jlu@brownrudnick.com

-and-

Dylan P. Kletter *(pro hac vice)*
Anthony J. Boccamazzo (*pro hac vice*)
Kelsey D. Bond *(pro hac vice)*
185 Asylum Street, 38th Floor
Hartford, CT 06103
Telephone: (860) 509-6500
Facsimile: (860) 509-6501
dkletter@brownrudnick.com
aboccamazzo@brownrudnick.com
kbond@brownrudnick.com

-and-

Andrew B. Ryan
Texas State Bar No. 24054464
Ryan Law Partners LLP
3811 Turtle Creek Boulevard, Suite 780
Dallas, Texas 75219
Telephone: (214) 347-7360
andy@ryanlawpartners.com

*Attorneys for Defendants Scrum, Inc., Jeff Sutherland, and J.J. Sutherland*

Dated:  October 19, 2020

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on October 19, 2020, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

                                                   */s/ Jessica T. Lu*
                                                  Jessica T. Lu *(pro hac vice)*