# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SCRUM ALLIANCE INC., § | |
| § | CIVIL ACTION NO. 4:20-cv-00227 |
| Plaintiff, § | Judge Mazzant |
| § | |
| v. § | |
| § | |
| SCRUM, INC., JEFF SUTHERLAND, § | |
| And JJ SUTHERLAND, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Scrum, Inc., Jeff Sutherland, and JJ Sutherland's Motion for Protective Order (Dkt. #91). Having considered the Motion and briefing, the Court finds the Motion should be **denied in part** and **granted in part**.

## BACKGROUND

This is a trademark infringement suit. As part of discovery, Plaintiff Scrum Alliance, Inc. served subpoenas duces tecum to twenty-four nonparties. On August 24, 2020, Plaintiff served fourteen of Defendants' clients[1] and requested compliance by September 14 (Dkt. #91, Exhibits 1-14). On September 10, Plaintiff served another ten clients[2] and requested compliance by September 25 (Dkt. #91, Exhibits 15-24).

---

[1] The August 24 subpoenas were issued to (1) 3M Company on St. Paul, Minnesota; (2) Agile Genesis, Inc. in Coral Springs, Florida; (3) Aleph Technologies LLC in Richardson Texas; (4) Bain & Company, Inc. in Boston, MA, which has asserted objections; (5) BMNT, Inc. in Palo Alto, California; (6) Bright Horizons Family Solutions, Inc. in Watertown, MA; (7) Deere & Co. in Moline, Illinois; (8) Duke Energy Corporation in Charlotte, North Carolina; (9) IQVIA Inc. in Danbury, Connecticut; (10) Mass General Brigham in Boston, MA; (11) New Technology Solutions, Inc. in Tewksbury, Massachusetts; (12) Schlumberger Ltd. in Houston, Texas; (13) Walmart Inc. in Bentonville, Arkansas; and (14) Westrock Company in Atlanta, Georgia.

[2] The September 14 subpoenas were issued to: (15) BlackRock, Inc. in Albany, NY; (16) Bloomberg L.P. in Albany, N.Y; (17) Intel Corporation in Los Angeles, California; (18) The Lane Corporation in Cheshire, Connecticut; (19) United States Department of the Navy, Explosive Ordnance Disposal in Washington Navy Yard, District of Columbia; (20) Northrop Grumman Corporation in Glen Allen, Virginia; (21) Peloton Interactive, Inc. in Albany, NY; (22)

The subpoenas request:

1. All emails to or from present or former employees of Scrum, Inc.

2. All emails to or from an @scruminc.com or @licensedscrum.com email address.

3. All emails concerning "Licensed Scrum" or "LSM" or "LSPO."

4. All documents (Word, PPT, Excel, or PDFs) relating to Scrum, Inc., "Licensed Scrum," "LSM" or "LSPO."

(Dkt. #11 at p. 3).

On September 25, Defendants filed the Motion to Quash (Dkt. #90). To comply with filing requirements, Defendants refiled a near-identical version of the Motion the following business day (Dkt. #91). On October 12, Plaintiff responded (Dkt. #96). On October 20, Defendants replied (Dkt. #102). On October 27, Plaintiff filed its Sur-Reply (Dkt. #106).

## LEGAL STANDARD

Courts may grant a motion for protective order to deny discovery, quash or modify a subpoena, or otherwise limit the scope of permissible discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

When determining whether the subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Subpoenas pose an undue burden when

---

Raytheon Company in Boston, MA; (23) Astra Space Inc. a/k/a Stealth Space Company in Alameda, CA; and (24) Verizon Communications Inc. in New York, NY.

the subpoena is facially overbroad. *Id.* Facially overbroad subpoenas include those that "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (internal citations omitted). Courts give special consideration to the burden posed when subpoenas are sent to nonparties. *See Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2014 WL 772859, at *2 (N.D. Tex. Feb. 27, 2014).

## ANALYSIS

Defendants ask the Court to issue a protective order for the nonparties because the subpoenas are overly broad and unduly burdensome. Plaintiff disagrees and argues the Motion is untimely. The Court first addresses threshold issues before turning to the merits.

### i. Standing

As an initial matter, it is undisputed that Defendants have standing. Parties have standing to quash a third-party deposition if a personal right or privilege is implicated. *Lee v. TriCentury Corp.*, No. 1:08-CV-719, 2010 WL 11531248, at *2 (E.D. Tex. June 9, 2010). Here, Defendants have standing because the subpoenas require their clients to produce communications with Defendants and disclose them to Defendants' direct competitor. *See Orchestrate HR*, 2014 WL 772859, at *3 (finding standing under similar circumstances). This implicates a personal right and Defendants may properly object to the subpoenas sent to their clients.

### ii. Timeliness

Next, the Court considers whether Defendants timely objected to the subpoenas. Motions to quash must be "timely." FED. R. CIV. P. 45(d)(3)(A). While the Rules do not define timeliness, courts generally have read "timely" to mean within the time set for compliance in the subpoena.

3

*In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015). "However, in unusual circumstances and for good cause . . . the failure to act timely will not bar consideration of objections." *Id.*

The Motion is untimely as to the fourteen subpoenas served on August 24. These subpoenas requested compliance by September 14 (Dkt. 91, Exhibits 1-14). Defendants objected on September 25—two weeks past the compliance date—and do not explain the delay in their Reply (*See* Dkt. #102). Without Defendants' explanation on why there are "unusual circumstances and . . . good cause" to overcome this delay, the Court is unable to overlook it. *Grupo Mexico*, 2015 WL 12916415 at *3 (citing *In re Denture Cream Products Liability Litigation*, 292 F.R.D. 120, 124 (D.D.C. 2013)). Because the Motion is untimely as to the August 24 subpoenas, the Court denies the Motion for these nonparties.

In contrast, the Motion is timely as to the September 10 subpoenas because they were objected to on the last date of compliance, September 25 (Dkt. 90, Exhibits 15-24). Even though Defendants later refiled the Motion to comply with filing requirements, the Court considers the Motion to have been filed on September 25. These are timely objections and thus the Court continues the analysis for these ten subpoenas.

### iii. Unduly Burdensome

The September 10 subpoenas are unduly burdensome and should be the subject of a protective order. Plaintiff seeks *all* communications between Defendants and nonparties regardless of whether those documents relate to this case (Dkt. #91, Exhibits 15-24). Plaintiff did not limit the subpoenas' requests to relate to the suit's relevant subject matter or time. *See Manookian v. Mervis*, 2017 WL 3457063 at *2 (E.D. Tex. Aug. 11, 2017) (denying motion to

4

compel third party where requests sought all documents related to the defendant without limitation). The requests are not "particularized" to this suit and will likely ensnare scores of communications unrelated to this trademark dispute. *See id.*; *Am. Fed.'n of Musicians*, 313 F.R.D. at 45. Responding to such onerous requests will require the nonparties' time and money, even though the nonparties have no stake in the case. *See Orchestrate HR*, 2014 WL 772859, at *2. This is too burdensome on nonparties.

Plaintiff's counterarguments are unpersuasive. First, Plaintiff argues that because some nonparties have complied with the subpoenas, then all should comply. But a subpoena can be unduly burdensome even if no nonparty complains. *See, e.g.*, *MAP Co. v. Lebanese Arak Corp.*, No. CV1605039ABRAOX, 2017 WL 10434017, at *1 (C.D. Cal. Oct. 26, 2017) (quashing subpoenas to nonparties even though they did not themselves complain of undue burden). Second, Plaintiff argues the nonparty subpoenas are necessary because Defendants have not been forthcoming with discovery. But that grievance should be addressed by a motion to compel, not a subpoena to a nonparty. *See In re Motions to Quash Subpoena filed by Craft Gallery, Ltd.*, No. 11-CV-01239 AW, 2013 WL 8367788, at *2 (W.D. Tex. Apr. 5, 2013) (quashing subpoenas seeking documents that party should have moved to compel from opposing party). As Plaintiff seeks correspondence between Defendants and nonparties, Plaintiff can necessarily obtain that information from Defendants. Instead of burdening nonparties, Plaintiff should obtain the information directly from the source.

As the Court finds the subpoenas unduly burdensome, it need not address whether they are also overly broad.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Quash and Motion for a Protective Order (Dkt. #91) is hereby **DENIED IN PART** as to the August 24 subpoenas issued to: (1) 3M Company on St. Paul, Minnesota; (2) Agile Genesis, Inc. in Coral Springs, Florida; (3) Aleph Technologies LLC in Richardson Texas; (4) Bain & Company, Inc. in Boston, MA, which has asserted objections; (5) BMNT, Inc. in Palo Alto, California; (6) Bright Horizons Family Solutions, Inc. in Watertown, MA; (7) Deere & Co. in Moline, Illinois; (8) Duke Energy Corporation in Charlotte, North Carolina; (9) IQVIA Inc. in Danbury, Connecticut; (10) Mass General Brigham in Boston, MA; (11) New Technology Solutions, Inc. in Tewksbury, Massachusetts; (12) Schlumberger Ltd. in Houston, Texas; (13) Walmart Inc. in Bentonvile, Arkansas; and (14) Westrock Company in Atlanta, Georgia.

**It is further ORDERED** that Defendants' Motion (Dkt. #91) is hereby **GRANTED IN PART** as to the September 10 subpoenas issued to: (15) BlackRock, Inc. in Albany, NY; (16) Bloomberg L.P. in Albany, N.Y; (17) Intel Corporation in Los Angeles, California; (18) The Lane Corporation in Cheshire, Connecticut; (19) United States Department of the Navy, Explosive Ordnance Disposal in Washington Navy Yard, District of Columbia; (20) Northrop Grumman Corporation in Glen Allen, Virginia; (21) Peloton Interactive, Inc. in Albany, NY; (22) Raytheon Company in Boston, MA; (23) Astra Space Inc. a/k/a Stealth Space Company in Alameda, CA; and (24) Verizon Communications Inc. in New York, NY.

**SIGNED this 9th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE