# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SCRUM ALLIANCE, INC., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:20-CV-227 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SCRUM, INC., JEFF SUTHERLAND, | § | |
| and JJ SUTHERLAND, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendants' Motion to Stay Case and Enforcement of Preliminary Injunction Pending Appeal (Dkt. #89). Having considered the relevant pleadings, the Court finds the Motion should be denied.

## BACKGROUND

This case arises out of Plaintiff's allegations that Defendants used Plaintiff's trademarks without authorization to create a competing line of certification courses that teach the Scrum framework. Defendants deny these allegations. On July 16, 2020, the Court published its Memorandum Opinion and Order granting Plaintiff's First Amended Application for Preliminary Injunction, in which the Court enjoined "Defendant Scrum, Inc. and its agents, servants, employees, successors, assignees, and all others in concert and privity with Defendant Scrum, Inc." from using specified terms "in any way, for any means" "during the pendency of this action" (Dkt. #72 at p. 33). On August 12, 2020, Defendants appealed the Court's decision to grant the preliminary injunction (Dkt. #74). *See Scrum All., Inc., v. Scrum, Inc.*, No. 4-20-cv-227, 2020 WL 4016110 (E.D. Tex. July 16, 2020), *appeal docketed*, No. 20-40529 (5th Cir. Aug. 24, 2020).

On September 24, 2020, Defendants filed their Motion to Stay Case and Enforcement of Preliminary Injunction Pending Appeal (Dkt. #89), currently before the Court.  On October 8, 2020, Plaintiff filed its response (Dkt. #93).  On October 15, 2020, Defendants filed their reply (Dkt. #97).  And on October 21, 2020, Plaintiff filed its sur-reply (Dkt. #103).

## LEGAL STANDARD

"The authority to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Huddleston v. FBI*, No. 4:20-CV-447, 2021 WL 327510, at *1 (E.D. Tex. Feb. 1, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The decision to stay a case is committed entirely to the district court's discretion.  *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011).  "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

To determine whether a discretionary stay is warranted, district courts consider the following four factors: (1) the strength of the stay applicant's showing of likelihood of success on the merits; (2) the irreparability of injury absent a stay; (3) the substantiality of injury to other interested parties if a stay issues; and (4) the public interest.[1]  *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020).  "These traditional four factors 'must be fully applied except where there is a serious legal question involved and the balance of equities heavily favors a stay; in those situations, the movant only needs to present a substantial case on the merits.'"  *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-00350-ALM, 2017 WL 3671862, at *2 (E.D. Tex. Apr. 28, 2017) (quoting *Weingarten Realty Inv'rs*, 661 F.3d at 910).  At all times, the applicant for a

---

[1] The parties conduct the separate stay analyses under the same governing standard, and, as such, the Court analyzes the requests for stay together (*see* Dkt. #89 at p. 8; Dkt. #93 at p. 7; *see also* Dkt. #89 at p. 20).

stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "The movant must 'make out a clear case of hardship or inequity in being required to go forward.'" *Nat'l Coal. for Men v. Selective Serv. Sys.*, 355 F. Supp. 3d 568, 575 (S.D. Tex. 2019) (quoting *Landis*, 299 U.S. at 254), *rev'd on other grounds*, 969 F.3d 546 (5th Cir. 2020).

## ANALYSIS

For the following reasons, the Court finds Defendants have not met their burden to show a stay is warranted.

*Strength of showing likelihood of success on the merits.* Defendants have not offered new arguments or authority indicating a likelihood of success on the merits, let alone a strong case at that. This factor weighs against granting a stay.

*Irreparable injury absent a stay.* Defendants are currently enjoined from using specific terms related to the Scrum system (Dkt. #72 at p. 33), which undoubtedly burdens Defendants. Yet simply asserting that an irreparable injury will occur does not suffice. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the [movant]." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (citing *Carter v. Heard*, 593 F.2d 10, 12 (5th Cir. 1979)). Construing this factor generously for Defendants leaves it, at best, in equipoise.

*Substantial injury if a stay issues.* The parties, as well as related licensees and customers, would be harmed because any delay in the resolution of this lawsuit would perpetuate—if the allegations are proven—misappropriation of property and illegal business practices. Defendants have not shown a clear case of hardship or inequity if the Court decides to not exercise its discretion to stay the lawsuit. This factor weighs against granting a stay.

*Public interest.* While efficient allocation of judicial resources is a necessary and worthwhile consideration, Defendants have not shown a strong likelihood of success on the merits. Thus, "there is little reason to invoke the general public policy of preserving judicial resources from the risk of reversal. Rather, the public interest in speedy resolution of disputes prevails. Public interest favors denying the stay." *Weingarten Realty Inv'rs*, 661 F.3d at 913. This factor weighs against granting a stay.

Considering these factors together, the Court finds that Defendants have not carried their burden to demonstrate the need for a stay of this litigation.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Stay Case and Enforcement of Preliminary Injunction Pending Appeal (Dkt. #89) is **DENIED**.

**SIGNED this 24th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE