# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SCRUM ALLIANCE, INC., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:20-CV-227 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SCRUM, INC., JEFF SUTHERLAND, | § | |
| and JJ SUTHERLAND, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Scrum, Inc.'s Omnibus Motion *in Limine* (Dkt. #169). After considering the Motion, Plaintiff Scrum Alliance, Inc.'s ("SAI") response (Dkt. #191), and the arguments of counsel at the pretrial hearing on April 1, 2021, the Court rules on the motions *in limine* as follows:

1. Motion *in Limine* #4(a): **CONDITIONALLY GRANTED**. The purpose of a preliminary injunction is "to balance the equities as the litigation moves forward," not "to conclusively determine the rights of the parties." *Trump v. IRAP*, 137 S. Ct. 2080, 2087 (2017); *see Jonibach Mgmt. Tr. v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014). Any "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). As such, even if SAI had demonstrated the relevance of the Court's previous order granting a preliminary injunction, the Court finds that the probative value of this information would be substantially outweighed by undue influence of the jury. FED. R. EVID. 403; *see Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009); *see also Marlite, Inc. v. Eckenrod*, No. 09-

22607-CIV, 2010 WL 11505461, at *5 (S.D. Fla. June 18, 2010) (A court's injunction order cannot unduly interfere with the jury's role as ultimate factfinder.").

But as SAI noted at the pretrial hearing, one of Scrum, Inc.'s arguments is that SAI has "not been diligent in policing [its own] mark" (Dkt. #216 at p. 46:16–17). And in SAI's view, "if the jury is not apprised of [the Court's preliminary injunction], they have an incomplete picture; and it plays into [Scrum, Inc.'s] theory that [SAI] ha[s] been lax about enforcing [its own] mark" (Dkt. #216 at p. 46:13–15). As such, if Scrum, Inc. pursues this avenue of argumentation before the jury, SAI may request, outside the jury's presence, that the Court reconsider its conditional grant of this motion *in limine*.

2. Motion *in Limine* #6: **CONDITIONALLY DENIED**. Both the Joint Final Pre-Trial Order and Scrum, Inc.'s Answer demonstrate that a dispute exists as to the strength of the marks at issue (*see, e.g.*, Dkt. #209 at pp. 6–7, 9; Dkt. #219 at p. 7). Whether a mark has achieved incontestable status is a consideration when analyzing the mark's strength. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 330 (5th Cir. 2008). Therefore, the incontestability of the marks in question is relevant and has probative value. Further, there are tools at the disposal of the Court and the parties to limit discussion of incontestability if such action is later necessary. *See* FED. R. EVID. 105; *see also, e.g.*, Fed. Jury Instructions: Seventh Circuit, Civil Cases 13.1.2 cmts. 5–6 (2018).

3. Motion *in Limine* #7: **DENIED**. After the pretrial hearing, the Court issued a memorandum opinion and order denying Scrum, Inc.'s motion to exclude the testimony of David Franklyn. *Scrum All., Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 1691136 (E.D. Tex. Apr. 29, 2021). Accordingly, the Court denies this motion *in limine* for the reasons expressed therein.

**IT IS SO ORDERED.**

**SIGNED this 6th day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE